**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF**
-------------------------------------------------------------------x

                                  Plaintiff/Petitioner,

       - against -                                          Index No.

                                  Defendant/Respondent.
-------------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
**(Consensual Case)**
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit:  http://www.nycourts.gov/efile-unrepresented  or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: _____

|  |  |
|---|---|
| Name | Address |
| Firm Name |  |
|  | Phone |
|  | E-Mail |

To: _____

_____

_____

6/6/18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------X    Index No.: 504143/2024

ANNA MARIA MULE,                                            Date Purchased: February 9, 2024

               Plaintiff,                 Plaintiff designates Kings
                                                            County as the place of trial
      -against-
                                                            **SUMMONS**
THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK and                                 The basis of the venue is:
THE BOARD OF EDUCATION OF THE                               Defendant's Principal Place of
CITY SCHOOL DISTRICT OF THE                                 business
CITY OF NEW YORK, JENNIFER GOLDBERG
acting individually and on behalf of the Department of
Education of the City of New York, and JANICE ROSS
acting individually and as Superintendent                   Plaintiff resides at 5812 197 Street
on behalf of the Department of Education of the             Fresh Meadows, NY 11365
City of New York,

               Defendants.
-----------------------------------------------------------X
To the above named Defendant:

     You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiffs' attorney within twenty days after service of the summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York                                   Yours, etc.,
       February 9, 2024

                                                               STEWART LEE KARLIN
                                                              LAW GROUP, PC

                                                              /Stewart Lee Kalrin
                                                             STEWART LEE KARLIN, ESQ.
Defendant's Address                                         Attorney for Plaintiff
NYC Law Dept-Corporation Counsel                            111 John Street, 22nd Floor
100 Church Street                                           New York, New York, 10038
New York, NY 10007                                          (212) 792-9670

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
ANNA MARIA MULE,

        Plaintiff,                              **VERIFIED COMPLAINT**

  -against-                         Index No.: 504143/2024

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK, AND THE BOARD
OF EDUCATION OF THE CITY SCHOOL DISTRICT
OF THE CITY OF NEW YORK, JENNIFER GOLDBERG
acting individually and on behalf of the Department of
Education of the City of New York, and JANICE ROSS
acting individually and as Superintendent
on behalf of the Department of Education of the
City of New York,

        Defendants.
------------------------------------------------------------------X

Plaintiff, ANNA MARIA MULE, by her attorney, STEWART LEE KARLIN, ESQ., for her complaint herein alleges as follows:

1. This is an action pursuant to Title VII where Plaintiff alleges that Defendant discriminated and retaliated against her based on her race (Caucasian) and retaliation. This action seeks compensatory damages, including emotional distress, damages to Plaintiff's reputation; other damages; reasonable attorney fees plus the costs and disbursements of this lawsuit, and such other and further relief as the Court deems just and proper.

2. At all times hereinafter mentioned, Plaintiff Ann Marie Mule (hereinafter mentioned as "Plaintiff" or "Ms. Mule"), resides in the State of New York, County of Kings. Plaintiff is an employee as defined by Title VII of the Civil Rights Act of 1964 42 U.S.C. 2000e et. seq. as amended.

2

3. Defendants the Department of Education of the City of New York and the Board of Education of the City School District of the City of New York (hereinafter referred to as the "DOE") is a school district under the laws of the State of New York, which is in charge of all public schools in the City of New York. At all relevant times, Defendant is an "employer" as defined in Section 701(b) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e(b) As such, Defendant is subject to the requirements of Title VII (42 U.S.C. § 2000e et seq.).

4. Upon information and belief, Jennifer Goldberg was employed by the Defendant and was acting individually and on behalf of the Department of Education of the City of New York, and Superintendent Janice Ross was acting individually and as superintendent on behalf of the Defendant Department of Education of the City of New York and both Defendants Goldberg and Ross were acting under the color of State Law.

5. Jurisdiction is invoked pursuant to Title VII 42 U.S.C. 2000e et. seq, Plaintiff filed EEOC charges based on race discrimination and retaliation, and a notice of right to sue letter was received within ninety days of the filing of this lawsuit conferring concurrent jurisdiction upon this Court. (See Exhibit "A"- a true copy of the Notice of Right to Sue Letter.)

6. At all times relevant in her career as a teacher, Plaintiff performed her responsibilities in an exemplary manner.

7. Plaintiff was a secondary school principal, grades 9-12.

8. Plaintiff remained employed, first at home from September until May 2022, and then assigned to do clerical work at Linden Place.

2

9. While Plaintiff received the same pay, she was verbally reprimanded for applying to a higher position at Tweed in April 2022, for which she interviewed in May 2022.

10. Plaintiff was not allowed entry to school buildings and was not allowed to attend professional development to continue to enhance her skills and was not allowed to earn per-session pay.

11. Plaintiff's reputation has been harmed and has been difficult to get hired outside the DOE due to a gap in work history. The work Plaintiff is doing is inappropriate to her skill set and is demoralizing and disrespectful.

12. Moreover, the hiring practices are discriminatory. The Superintendent told the principals, during monthly principal meetings, openly, that she hires based on race. She maintains that the school leaders need to reflect the demographics of the students.

13. Plaintiff was replaced by a principal of "color" as was the assistant principal who was also harassed for his race and ethnicity.

14. Additionally, in the past 4-5 years, Superintendent Ross has almost exclusively hired principals of color for the schools that she oversees as openings became available.

15. For example, Brooklyn Latin School, Nelson Mandela HS, Boys and Girls HS, HS for Civil Rights, Teacher's Preparatory HS, Sunset Park HS, (Cyber Arts Studio School, and HS for Law on the John Jay Campus). Academy for Young Writers, Urban Assembly School for Music and Art, Bushwick School for Leaders, Bushwick School for Social Justice, Multicultural HS, Progress HS, and Cobble Hill HS hired all black and Hispanic principals.

16. Superintendent Ross has created a toxic work environment. In 2016, as a new deputy superintendent, Ross told faculty members that Plaintiff was ineffective and that she was

looking to replace her. At that time, Plaintiff was pregnant and she made comments about her weight. She said Plaintiff was heavy and smelled.

17. In December 2015, the Superintendent yelled in front of a student stating that the problem with Plaintiff was that she did not know how to talk to kids. (Implying that based on Plaintiff being Caucasian, and her students being Black and Hispanic)

18. Later that day she wanted to know what Plaintiff's ethnicity was and where she was from. Plaintiff responded that her parents were from Italy. She also wanted to know if Plaintiff had tenure.

19. That afternoon, the Superintendent had a meeting with all faculty members without Plaintiff present to undermine her leadership.

20. Plaintiff complained to the union at the next Principal's meeting and Plaintiff believes the Union spoke to her since several principals complained about her inappropriate behavior.

21. In 2019, Plaintiff was accepted as a New Principal Coach with the Office of Leadership. She did not allow Plaintiff to coach at her school and the rumor the entire year was that the Superintendent had removed Plaintiff for poor performance and misconduct.

22. This was false, but the rumors led one to conclude that the Superintendent wanted to replace Plaintiff with a principal of color. This was brought up to Plaintiff on several occasions by faculty members at a grievance filed by UFT members in 2020. It was evident that the Superintendent was speaking to UFT members and spreading rumors about Plaintiff to faculty members.

23. Upon Plaintiff's return from her fellowship in June 2020, she held a virtual meeting with Plaintiff where she questioned why Plaintiff would bother coming back. Plaintiff queried

as to why she could not coach at her school and the Superintendent responded that coaches were not allowed to coach at their own schools, which was not true. She also stated at that meeting that schools should have principals that look like the kids because representation matters.

24. The Superintendent continued to treat Plaintiff dismissively and disrespectfully throughout the 2020-2021 school year. Throughout the year, the Superintendent held several professional development sessions that dealt with race. At one session, the staff had to acknowledge that the United States is a racist country with original sin and that white people are oppressive. The staff also had to agree that white people have an unearned privilege. The characteristics of white people were explored as negative and harmful. Again and again, it was communicated that black children need principals who look like them and who can understand them.

25. In February 2021, the Superintendent held a virtual luncheon where black principals were honored as excellent. It is a pattern where Caucasian principals are cast in a negative light in public, while black principals are celebrated for their work.

26. In fact, the Superintendent held a celebration for school leaders and only black principals were honored and showcased.

27. The Plaintiff complained to CSA, and the Superintendent made a change to the women's celebration in March to include one white principal.

28. In September 2021, Jennifer Goldberg visited the school. She mentioned that the "children" could not see themselves here as she was walking through the hallways. She and Rushell White did not enter classrooms but said that students were compliant and not engaged. She

5

said that as a white woman, Plaintiff needed to understand how her whiteness is a barrier to being a school leader. She reiterated that black children need leaders who look like them.

29. On October 29, 2021, the Plaintiff broke up a fight across from her office and became injured.

30. Plaintiff invited Lindsey and Paulin to walk the building as Plaintiff had been on leave for more than six weeks. Paulin advised Plaintiff that Dean Scala should not be the Dean as he cannot relate to the kids because he is white, and that Plaintiff needed to find someone of color to work with the kids. He also stated that he did not think students could see themselves in classes that did not have teachers of color. He habitually uses the words "queen" and "king" when addressing principals of color in the presence of white principals.

31. Plaintiff received a disciplinary letter from Joan Lacaille. (the Superintendent's Secretary. This was in retaliation for disagreeing with the blatant racism exhibited by Defendant. (It was a summons letter for a performance conference).

32. On December 17, 2021, Plaintiff received a form from Lacaille that required a medical evaluation. This was due to the Plaintiff's race and disability and in retaliation for complaining about racism.

33. On February 8, 2022, the Superintendent extended A.P. Gentile's tenure, despite Plaintiff's recommendation on his behalf. The Superintendent stated in the tenure notification system providing a different reason, instead citing a new supervisory relationship. This was after 4.5 years of successful service as assistant principal. She also denied him tenure in 2023 after a letter to file in February 2023 by acting principal Rodriguez that was untrue. This was reported anonymously to NYC SCI.

6

34. On February 28, 2022, Plaintiff received an email from Ross that her absences would be marked as unauthorized.

35. On June 9, 2022, Plaintiff filed a complaint with NYCDOE's Office of Equal Opportunity & Diversity Management ("OEO") against Superintendent Ross, alleging race discrimination. This complaint still remains under investigation.

36. On June 28, 2022, while Plaintiff was on medical leave pending arbitration, OEO received a complaint from an NYCDOE administrator against Plaintiff alleging racial, gender, and sexual orientation discrimination. Plaintiff was reassigned pending the investigation of this complaint, which alleged that Plaintiff, through an anonymous Twitter account posted inappropriate materials.

37. In July 2022, the Superintendent removed Plaintiff's access to her emails.

38. In the spring, the Acting Principal stopped talking to Plaintiff and did not add her to any school emails.

39. On September 6, 2022, Plaintiff was reassigned based on a pending OEO investigation.

40. On October 11, 2022, Plaintiff received tenure notification that Gentile's tenure was extended due to a new supervisory relationship which was not accurate since Plaintiff had been his supervisor for the past five years as an AP and the past 10 as a teacher.

41. On November 30, 2022, Plaintiff received notice that her medical arbitration for LODI was denied by the arbitrator. Superintendent Ross posted an email on Twitter with a picture showing her and several other Superintendents laughing and the Plaintiff's private medical information and medical notes.

7

42. On May 17, 2023, Plaintiff was interviewed by OEO in regard to the complaint that was made against her that led to her reassignment. The Superintendent and Jen Goldberg, the Superintendent's former teacher who was elevated to an administrator by Ross, put in a complaint alleging racist tweets in May 2022. This was a pretext so that they could remove Plaintiff from her position and replace her with Acting Principal Rodriguez, a person of color.

43. On June 8, 2023, OEO substantiated the allegations against Plaintiff, finding that she had created a hostile environment based on race, gender, and sexual orientation in violation of Chancellor's Regulation A-830.

44. As a result of the substantiated finding, Plaintiff is no longer eligible for per-session work such as supervising afterschool activities which has resulted in losing thousands of dollars of income. In addition, the Plaintiff is no longer eligible for promotional opportunities such as Assistant Superintendent, Superintendent, Executive Director and Chief of School Support. In fact, Plaintiff had applied for Senior Director of High School Instructional Support, interviewed for the position, and would upon information and belief have obtained the position but was advised that they could not hire Plaintiff due to the pending investigation.

45. Nevertheless, Plaintiff's OEO complaint was filed before the complaint that was filed against her and was not investigated until close to a year later. It was readily apparent that the investigation was not in good faith and was biased in favor of Defendant.

46. As a result of the foregoing intentional continuing discrimination and retaliation, the Department of Education of the City of New York, and the Board of Education of the City

8

School District of the City of New York violated Title VII of the Civil Rights Act of 1964 as amended by discriminating against Plaintiff due to her race (Caucasian), and retaliation.

47. Plaintiff has been subjected to an ongoing, continuous, intentional pattern of racial discrimination and retaliation that has created a hostile work environment and disparate treatment.

48. The above conduct is intentional willful, deliberate, and continuous conduct that is a pattern of race discrimination and retaliation.

49. At all times relevant, Plaintiff performed her job responsibilities in an exemplary manner.

50. It has been necessary for Plaintiff to engage the services of an attorney to file and prosecute this action, and thus also requests attorneys' fees.

### AS AND FOR THE FIRST CAUSE OF ACTION-TITLE VII-DOE ONLY

51. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as it more fully set forth herein.

52. Based upon the foregoing, Plaintiff has been subjected to a hostile work environment, disparate treatment and otherwise discriminated against based on her race, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et. seq. Defendant acted maliciously, wantonly, and in conscious disregard of Plaintiff's rights and Defendant's statutory obligations, and as a result, Plaintiff has been damaged.

## AS AND FOR THE SECOND CAUSE OF ACTION
## ALL DEFENDANTS-FIRST AMENDMENT

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. Plaintiff's opinions were separate and apart from any of her job responsibilities she had as a Principal but as citizen opining on Twitter anonymously regarding matters that are of a public interest. In fact, Plaintiff's job responsibilities did not include posting to a Twitter account anonymously.

55. As a direct result of posting to Twitter anonymously, Defendants retaliated against Plaintiff as set forth above.

56. There were no legitimate reasons for the above conduct. The only reason for said action is retaliatory due to Plaintiff speaking to the press.

57. As a result of the defendants' actions and in actions as set forth above, plaintiff has been, and continues to be, deprived of her Federal rights under 42 U.S.C., Section 1983 and the fourteenth amendment due process rights applying the first amendment rights of the U.S. Constitution.

58. As a result of defendants' actions, plaintiff suffered and was damaged.

59. Defendants have deprived plaintiff of such rights under color of State Law.

60. As a result of Defendants' actions in retaliating against Plaintiff for her speech, Plaintiff has been damaged.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury of all issues and claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. Equitable relief including a declaration that Plaintiff was subjected to discriminatory and retaliatory conduct by Defendant and that the substantiated finding be expunged from Plaintiff's personnel file;

b. Compensatory damages, including but not limited to, back pay, and emotional distress;

c. Damages to Plaintiff's reputation;

d. Reasonable attorney fees plus the costs and disbursements of this lawsuit;

e. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
      February 9, 2024

Respectfully Submitted,

STEWART LEE KARLIN
LAW GROUP, PC

s/Stewart Lee Karlin
STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
111 John Street, 22nd Floor
New York, NY 10038
(212) 792-9670

## **VERIFICATION**

STATE OF NEW YORK   )

COUNTY OF NEW YORK)    ss.:

I, the undersigned, an attorney admitted to practice in law in the Courts of New York State, state that I am the attorney of record for the Plaintiff in the within action; I have read the foregoing, Complaint, and know the contents thereof; the same is true to my own knowledge except as to those matters therein alleged to be on information and belief, as to those matters I believe to be true.

The reason this verification is made by your affirmant and not by the Plaintiff herein is that said Plaintiff resides in a county other than the county where your affirmant maintains his law office.

The grounds of your affirmant's belief as to all matter not stated upon my own knowledge are as follows:

Conversations with the Plaintiff and information contained in the file.

Dated:  New York, New York
        February 9, 2024

                                                            Stewart Lee Karlin
                                                          STEWART LEE KARLIN, ESQ.

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated:  New York, New York
          February 9, 2024

                                                     Stewart Lee Karlin
                                                    STEWART LEE KARLIN, ESQ.



# NYSCEF Confirmation Notice
## Kings County Supreme Court

The NYSCEF website has received an electronic filing on 02/09/2024 02:01 PM. Please keep this notice as a confirmation of this filing.

**504143/2024**
**Anna Maria Mule v. The Department of Education of the City of New York et al**
Assigned Judge: None Recorded

### Documents Received on   02/09/2024 02:01 PM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |

### Filing User

Stewart Lee Karlin | slk@stewartkarlin.com | (212) 792-9670
111 John Street, 22nd Floor, New York, NY 10038

### E-mail Service Notifications

An email regarding this filing has been sent to the following on 02/09/2024 02:01 PM:

  STEWART L. KARLIN - slk@stewartkarlin.com

### Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | The Department of Education of the City of | No consent on record. |
| Respondent | The Board of Education of the City School District of | No consent on record. |
| Respondent | Jennifer Goldberg acting individually and on behalf | No consent on record. |
| Respondent | Janice Ross acting individually and as | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court - kcco-efile@nycourts.gov**
Phone: Phone: 347-404-9762     Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile



# NYSCEF Confirmation Notice
# Kings County Supreme Court

**504143/2024**
**Anna Maria Mule v. The Department of Education of the City of New York et al**
**Assigned Judge: None Recorded**

**Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court - kcco-efile@nycourts.gov**
Phone: Phone: 347-404-9762      Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

# NYSCEF Resource Center, nyscef@nycourts.gov
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile